IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ROY DALE MATHIS,<br><br>Plaintiff,<br><br>v.<br><br>TRUMAN JONES, et al.,<br><br>Defendants. | ) | No: 3:08-0277<br>Judge Campbell/Bryant<br>Jury Demand |

**TO: The Honorable Chief Judge Todd J. Campbell**

**REPORT AND RECOMMENDATION**

Defendants Michele Peterson, Truman L. Jones, Jr., and Eloise Gaither have filed motions for summary judgment (Docket Entry Nos. 47 and 58). Plaintiff has responded in opposition to defendant Peterson's motion (Docket Entry No. 54), but plaintiff has filed no response to defendants Jones and Gaither's summary judgment motion.

These motions have been referred to the undersigned Magistrate Judge for report and recommendation (Docket Entry No. 3).

On April 7, 2009, the Court entered an order (Docket Entry No. 65) requiring plaintiff to show cause by April 21, 2009, why defendant Jones and Gaither's summary judgment motion should not be granted. This order expressly admonished plaintiff that his failure to file a timely response may cause the undersigned Magistrate Judge to recommend that defendants' motion for summary

judgment be granted. Despite this admonition, plaintiff has filed no response.

For the reasons stated below, the undersigned Magistrate Judge recommends that the defendants' motions for summary judgment be granted, and that the complaint be dismissed with prejudice.[1]

**Statement of the Case**

Plaintiff Roy Dale Mathis, a prisoner in state custody who is proceeding pro se and in forma pauperis, has filed his complaint under 42 U.S.C. § 1983 against defendants Michelle ("Missy") Peterson, Sheriff Truman L. Jones, Jr. and Eloise Gaither alleging that defendants have violated his constitutional rights by knowingly and wrongfully confining him on an "expired" sentence. Defendant Peterson is employed as an institutional probation and parole officer for the Tennessee Board of Probation and Parole. Defendant Jones is the Sheriff of Rutherford County, Tennessee, and defendant Gaither is the Rutherford County Circuit Court Clerk.

These defendants have denied liability and have filed motions for summary judgment.

**Summary of Pertinent Facts**

Plaintiff Mathis, a prisoner in custody, asserts that his continued confinement infringes his constitutional rights because the sentence upon which he is being held has been fully satisfied

---

[1]The Court previously dismissed all claims against defendant James K. Clayton, Jr. and claims against defendant Gaither in her individual capacity. In addition, the complaint named as a defendant a person identified only as "Tabitha T.." Service of process was never obtained on this person and plaintiff did not seek an extension of the period within which to obtain service. Rule 4(m), Fed. R.Civ.P.

and therefore is "expired." He states that credits to which he is entitled have been incorrectly calculated and applied, and that these credits, correctly applied, entitle him to immediate release from custody. He maintains that defendant Peterson wrongfully denied him an appeal form that he needed in order to appeal this alleged error. He asserts that defendant Gaither, as Circuit Court Clerk, wrongfully calculated credits that should have been applied in reduction of his confinement. Defendant alleges that defendant Jones, as County Sheriff and officer in charge of the Rutherford County Adult Detention Center, is wrongfully holding him in custody.

In support of their motions for summary judgment, defendants Jones and Gaither have filed the affidavit of Candace Whisman, who is employed as the Director of Sentence Management Services by the Tennessee Department of Corrections (Docket Entry No. 60). From records maintained by the Tennessee Department of Corrections, Ms. Whisman testified by affidavit regarding the dates and durations of various sentences imposed against plaintiff Mathis, the dates of his confinement, the dates of revocation of probation, and the number and application of credits earned by plaintiff Mathis for work and good behavior. According to Ms. Whisman's affidavit, plaintiff's assertion that he has been wrongfully confined on a sentence that was already satisfied or "expired" is incorrect, and that plaintiff's correct anticipated expiration date for his sentence was April 18, 2009, over a year after he filed his complaint in this case.

It appears from the record that plaintiff's insistence that he has been wrongfully serving time on an expired sentence is based upon a statement allegedly made to him in December 2007 by an employee of the parole board. When asked at deposition for any evidence supporting his claim that he had been wrongfully held too long, plaintiff testified as follows:

> The only thing I have, sir, is – the only thing I have is the compensation that was on the member on the parole board. She was one that was telling me that they had me doing time on the same sentence twice. She said, Mr. Mathis, you have already did time on this charge once before, and there was a violation warrant on you then and the sentence was expired. She told me, she said, here it is. They've got you doing time on the same sentence again.

(Docket Entry No. 51, p. 38). No affidavit or declaration from this employee appears in the record, although plaintiff at deposition identified her as Joree King (Docket Entry No. 51, p. 52). Plaintiff acknowledged that his claim that he was serving time on an expired sentence is based on the statement of Ms. King. Plaintiff did not dispute the dates and lengths of sentences and probation revocations recited to him during in his deposition by defense counsel. (Id., pp. 52-53). These dates, confirmed by plaintiff in his deposition responses, appear to correspond completely with the dates contained in Ms. Whisman's affidavit (compare Docket Entry No. 51, pp. 42-45, with Docket Entry No. 60).

Plaintiff has filed no counteraffidavit or other admissible evidence to contradict the statements in Ms. Whisman's affidavit.

**Standard of Review**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). In determining whether the movant has met its burden, the court must view the evidence in the light most favorable to the nonmoving party. Matsushita Electric Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1356 (1986). In order to withstand summary judgment, the nonmoving party "may not rest on its pleadings, but must come forward with [admissible] evidence from which a rational trier of fact could find in its favor." Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 926 (6th Cir. 1999). Rule 56(e) requires that testimony supporting or opposing summary judgment must be admissible, as follows:

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.

## **Analysis**

Title 42, Section 1983, of the United States Code provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

To prevail in an action based upon § 1983, the plaintiff must show that the defendants deprived him of rights protected by the Constitution or a federal statute. The Supreme Court in Paratt v. Taylor stated as follows:

> Accordingly, in any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

451 U.S. 527, 535 (1981).

Defendants in their motions for summary judgment directly assert that plaintiff has failed to demonstrate a genuine issue of material fact for trial on an essential element of his claim – the claim that plaintiff has been unconstitutionally confined on an expired sentence.

The affidavit of Candace Whisman demonstrates that plaintiff's claim is mistaken and unfounded, and that his sentence of confinement, with all earned credits taken into account, was not due to expire until April 18, 2009, over a year after plaintiff filed this action. In opposition to Ms. Whisman's affidavit, plaintiff has offered no admissible contradictory evidence. In fact, plaintiff in his deposition confirmed the various dates and sentence lengths relied upon by Ms. Whisman in her affidavit.

From this record, the undersigned Magistrate Judge finds that plaintiff has failed to establish the existence of genuine issue of material fact regarding his claim of unconstitutional confinement, and that defendants' motions for summary judgment should be granted. See McQueen v. Beecher Community School, 433 F.3d 460, 463 (6th Cir. 2006).

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendants' motions for summary judgment be **GRANTED**, and that the complaint be **DISMISSED** with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said

objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 26th day of May, 2009.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge